BENNINGTON COUNTY SAVINGS BANK, Appellant, vs. LOWRY
and others, Respondents.

*April 14—May 4, 1915.*

*Contracts: Mortgages taken by foreign corporations: Validation by
statute: Subsequent invalidation by repeal: Impairing obliga-
tion: Statutes: Repeal: Construction.*

1. Ch. 214, Laws of 1911, having validated mortgages which were
   void (under sec. 1770b, Stats.) because taken by foreign cor-
   porations not licensed to do business in this state, such mort-
   gages could not be again invalidated by the repeal of that act,
   since that would be an unconstitutional impairment of the ob-
   ligation of contracts.
2. By ch. 214, Laws of 1911, mortgages taken by foreign corporations
   before May 26, 1911, were declared valid. By ch. 248, Laws of
   1913, mortgages taken by foreign corporations after May 26,
   1911, and prior to January 1, 1914, were declared valid. *Held,*
   that there was no intent to invalidate, by the act of 1913, the
   mortgages legalized by the act of 1911.

APPEAL from a judgment of the circuit court for Douglas
county: BYRON B. PARK, Judge. *Reversed.*

Plaintiff brings this action to recover $450 and interest
thereon and for the foreclosure of a mortgage and the sale of
the property mortgaged.

The plaintiff is a foreign corporation organized under the
laws of the state of Vermont. On April 1, 1905, the defend-
ant *William Lowry,* a resident of Superior, Wisconsin, bor-
rowed of the plaintiff the sum of $450, giving his promissory
note therefor, whereby he promised to repay this amount with
interest in three years, and as security for the loan he gave a
mortgage upon Wisconsin real estate which he owned. The
three years expired in April, 1908, and the note and mort-
gage were renewed for three years. In April, 1911, when
due, the loan had not been paid. *Lowry* wished to renew for
another three years and negotiated with Mr. Cook, agent for
the plaintiff company, who agreed to renew the note and
mortgage, as there was some doubt whether the plaintiff com-

pany would again renew it. A renewal note and mortgage were made out by *Lowry* to Mr. Cook. The plaintiff company concluded again to renew the loan for a term of three years, and Mr. Cook assigned the note and mortgage to the company. At the expiration of this last three-year renewal the note remained unpaid, and this present action for a foreclosure and sale was commenced. The defendant *Ella Z. Heyroth* claims an interest in the property, and the testimony tends to show that *William Lowry* conveyed the property to her.

The defendants in their answers allege in substance that the plaintiff is a foreign corporation and has not complied with sec. 1770*b* of the Wisconsin Statutes; that the plaintiff has never been licensed to do business or hold property in the state of Wisconsin.

The circuit court found that the plaintiff corporation had not complied with sec. 1770*b* of the Wisconsin Statutes and therefore declared that the note and mortgage are void, and entered a judgment for the defendants *William Lowry* and *Ella Z. Heyroth* dismissing the action and for their costs and disbursements. This is an appeal from such judgment.

For the appellant there were briefs by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

For the respondents *Wm. Lowry* and *Ella Z. Heyroth* the cause was submitted on the brief of *Victor Linley.* He contended, *inter alia,* that since ch. 214, Laws of 1911, gave no time and provided no limitation within which persons affected might assert their rights or set up their defenses, it was invalid so far as such persons and their rights and defenses were concerned; that consequently it was invalid so far as the defendants *Lowry* and *Heyroth* and their rights and defenses were concerned. *Puffer v. Welch,* 144 Wis. 506, 129 N. W. 525; *Orton v. Noonan,* 23 Wis. 102; *Nelson v. Rountree,* 23 Wis. 367; *Hasbrouck v. Milwaukee,* 13 Wis. 37; *Lancaster v. Barr,* 25 Wis. 560; *Davis v. Menasha,* 21 Wis.

491; *Sydnor v. Palmer,* 32 Wis. 406. Ch. 248, Laws of 1913, substituted a provision which was contrary and repugnant to the amendment of 1911 and consequently repealed the amendment of 1911 expressly. Since the legislature conferred whatever right the plaintiff had, the legislature had the power to take away that right by repealing the statute giving it. *Borrman v. Schober,* 18 Wis. 437. This is not a case of a contract made pursuant to an existing statute. Here the contract had already been made and was invalid. The legislature only conferred validity upon a prior invalid transaction. The plaintiff had no vested right in a remedial statute of the legislature. *Borrman v. Schober,* 18 Wis. 437.

SIEBECKER, J. It is admitted that the defendant *Lowry* borrowed the $450 from the plaintiff and that the bank is a foreign corporation and at the time of making the loan had not complied with the provision of sec. 1770*b*, Stats., to obtain a license to do business in this state. Under the statutes of this state, when the loan was made in April, 1911, the mortgage, at the election of the defendant *Lowry,* was invalid as to the bank, which precluded the bank from enforcing the mortgage in any manner. *Lanz-Owen & Co. v. Garage E. M. Co.* 151 Wis. 555, 139 N. W. 393. By ch. 214, Laws of 1911, amending sub. 2, sec. 1770*b*, it was provided that "Mortgages or trust deeds heretofore taken by foreign corporations to secure the payment of money loaned or advanced are hereby declared valid." This act was approved May 26, 1911, which was subsequent to the giving of the mortgage involved here. It is not disputed but that this act validated the mortgage. It is a recognized rule that, when a contract is invalid by reason of some impediment which does not affect the merits or natural justice of the obligation, it is within the power of the legislature to remove such obstacle and validate the contract. This in no way deprives the parties thereto of any vested rights protected by the fundamental law

of the land. "A party has no vested right in a defense based upon an informality not affecting his substantial equities." Cooley, Const. Lim. (7th ed.) 529. The healing statute must be confined to validating acts which were within the power of the legislature to have authorized in the first instance. *Nat. S. Co. v. Architectural D. Co.* 226 U. S. 276, 33 Sup. Ct. 17; *Single v. Marathon Co.* 38 Wis. 363; *Gross v. U. S. Mortgage Co.* 108 U. S. 477, 2 Sup. Ct. 940; *Pittsburg C. Co. v. West Side B. R. Co.* 227 Pa. St. 90, 75 Atl. 1029; *West Side B. R. Co. v. Pittsburgh C. Co.* 219 U. S. 92, 31 Sup. Ct. 96, and cases there cited. The mortgage having been validated by the act of 1911, it became in all respects as good and valid a contract between the parties thereto as if no impediment to its validity had existed when it was made. The natural result of this is that from the time of its validation it was within the protection of the provisions of sec. 12, art. I, of the state constitution, and sec. 10, art. I, of the federal constitution, forbidding the passage of any laws impairing the obligation of contracts. The trial court was of the view that ch. 248, Laws of 1913, repealed the validating clause of the act of 1911 and declared valid only such mortgages as were taken by foreign corporations after May 26, 1911, and prior to January 1, 1914, and that this legislative act necessarily "implies the invalidity of all other mortgages taken by foreign corporations," and therefore held the mortgage in litigation here to be void. Ch. 248, Laws of 1913, provides:

"Mortgages or trust deeds taken by foreign corporations after the twenty-sixth day of May, 1911, and prior to January 1, 1914, to secure the payment of money heretofore or hereafter loaned or advanced pursuant to such mortgages or deeds of trust, are hereby declared valid. . . ."

We discover nothing in the context of this act expressive of a legislative intent to declare void the mortgages which had been validated by the act of 1911. The contention of appellant that the legislature, by omitting the validating part of

the 1911 act and enacting the foregoing, acted upon the theory that all mortgages prior to May 26, 1911, were then valid in the law, and that this status of such contracts having become fixed it was unnecessary to further specifically recognize them in the amendment of 1913, seems well founded in view of the objects sought to be accomplished by this legislation. All legislative efforts were evidently directed to legalize the mortgages rendered invalid under the original provisions of the statutes, and manifestly there was no intent to invalidate by the act of 1913 those legalized in 1911. Further, if the legislature had intended such a result the attempt would have failed under the constitutional provisions forbidding the passage of laws impairing the obligation of contracts. The mortgage in question is a valid mortgage in the hands of the plaintiff and is enforceable by it to obtain payment of the amount due on the note which it secures. The circuit court erred in dismissing the action.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction for further proceedings according to law.