STATE EX REL. CITY OF MILWAUKEE, Appellant, vs. MIL-
    WAUKEE ELECTRIC RAILWAY & LIGHT COMPANY,
    Respondent.

*February 5—April 29, 1919.*

*Public utilities: Street railways: Power of railroad commission to
    order extensions: Streets: Power of municipal corporation
    to grant street franchises: Statutes: Construction: Amend-
    ments: Constitutional law: Impairment of contract obliga-
    tions: Change of remedy.*

1. Sec. 1863, Stats., giving the railroad commission jurisdiction
   to determine the necessity of extending the line of any street
   railway corporation operating "within any municipality," ap-
   plies to street railroads, and not exclusively to interurban or
   suburban railroads, in view of the amendment introduced by
   ch. 565, Laws 1917.
2. An amendment to a statute must be construed with reference
   to the other provisions of the statute amended.

3. In the absence of a clearly expressed legislative intent it will not be presumed that the legislature intended to withdraw from municipalities the power to grant a franchise for the occupation of city streets conferred upon city councils by sec. 1863, Stats., as amended by ch. 565, Laws 1917.

4. A statute will be construed as a whole, and effect given to every part thereof.

5. Sec. 1863, Stats., as amended by ch. 565, Laws 1917, must be construed to require a street railway corporation operating within a municipality to construct its railway upon such streets as the municipality may have designated by franchise or otherwise, 'if public convenience and necessity require such extension, giving to the railroad commission power to determine whether public convenience and necessity require the proposed extension and making the procurement of the certificate of convenience and necessity from the railroad commission a condition precedent to the right of the municipality to compel the construction of the extension.

6. Changing the remedy by which a right under a contract is enforced does not impair the obligation of the contract.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.    *Affirmed*.

*Mandamus* to compel defendant to extend its lines of railway upon certain streets in the city of *Milwaukee*. The plaintiff seeks to compel the extension of a double-track street railway upon Mitchell street in the city of Milwaukee from the intersection of Mitchell street with Forest Home avenue over the route indicated in the map on page 185 to the intersection of Burnham street with Twenty-sixth avenue. The existing lines of railway are also indicated on the map. The defendant company is operating under a franchise granted by the plaintiff city on January 2, 1900, that part material here being as follows:

"Provided, further, that in case of the extension of the city limits in the future, then said railway company is hereby authorized and obligated to make extension of any of its lines now or hereafter reaching the city limits as they now exist to the said city limits when so extended, and in case said railway company shall refuse or neglect to so extend its lines

State ex rel. Milwaukee v. Mil. E. R. & L. Co. 169 Wis. 183.

on its own motion, then the common council of said city shall by resolution duly adopted order and direct said railway company to extend its lines to the city limits within such time as may be specified in such resolution, and said company shall comply therewith. And said railway company shall extend its tracks over any and all such streets of said city as the common council shall at any time by ordinance direct, but shall not be obliged to so extend its tracks unless there is a reasonable necessity therefor for the convenience of public travel; and when any such extension shall be made, all and singular the provisions of this ordinance relating to the operation thereof shall apply the same as though the provisions of this ordinance were made a part of the ordinance requiring such extension. Provided, however, that said railway company shall not be compelled to extend its lines from any of its terminal points to the city limits except over and along the streets or avenues upon which such terminus is located, and in no case shall said railway company be compelled to extend its lines unless the streets or avenues over which such extension is to be made shall first have been made to the established grade."

On May 7, 1917, the mayor and common council of the city of *Milwaukee* adopted an ordinance, the material part of which is as follows:

"Section 1. Under the provisions of section 4 of an ordinance passed January 2, 1900, granting certain franchise privileges to the *Milwaukee Electric Railway & Light Company,* the common council of the city of *Milwaukee* hereby and now finds that there is a reasonable necessity for the convenience of public travel for the extension of the double-track system of the *Milwaukee Electric Railway & Light Company* west on Mitchell street from the intersection of Forest Home avenue and Mitchell street to Muskego avenue, southwesterly on Muskego avenue to Burnham street, thence west on Burnham street to Twenty-sixth avenue; wherefore the said company is now hereby directed under said provision of said ordinance of January 2, 1900, to so extend its tracks over the streets above mentioned and to complete the same on or before the first day of July, 1917."

The defendant refused to comply with the terms of the

ordinance, and the city brings this action.    It appears from the return to the petition that there was instituted before the railroad commission of Wisconsin on August 21, 1917, a certain proceeding entitled Fred Plautz, etc. v. Milwaukee E. R. & L. Co.; that on October 15, 1917, there was a second similar proceeding begun before the railroad commission, which proceedings had for their purpose the securing of an order from the railroad commission directing the respondent to construct the line described in the petition.    It further appears from the file that the railroad commission on January 12, 1918, denied the relief prayed for in the petitions before referred to.    There were other facts alleged in the petition and in the return and in the answer to the return which are not material to the consideration of the questions presented here.    From an order of the circuit court quashing the alternative writ the plaintiff appeals.

*Clifton Williams,* city attorney, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

ROSENBERRY, J.    The defendant contends (1) that the order should be affirmed for the following reasons:

"(1) Various legislative acts, and particularly ch. 565, Laws 1917, which, by state-wide rule, defines the duty of street railway companies in respect to construction of extensions, have superseded, vacated, and made impossible of performance the provisions of said ordinance relating to the construction of extensions.

"(2) The state has provided a remedy before a special tribunal for the purpose of securing the construction of street railway extensions.    Under such circumstances the judicial policy of the state requires that the petitioner prosecute its remedy before the special tribunal.

"(3) Even the ordinance imposes no duty to construct the extension unless public convenience and necessity require its construction.    The railroad commission has determined that

public convenience and necessity does not require the construction of the extension.

"(4) The ordinance relates only to the extension of radial lines to the city limits and not to the construction of new lines."

Plaintiff contends that the order should be reversed (1) because in the 1900 franchise the clause in question is a term of said franchise so as to constitute a contract within the provisions of sec. 10, art. I, of the constitution of the United States; (2) that sec. 1863, Stats., as amended by ch. 565, Laws 1917, applies only to suburban and interurban street railways and has no application to street railways within cities; (3) that the power to designate streets upon which street railways may construct their lines is a legislative power and cannot be delegated to the railroad commission; (4) that if sec. 1863, as amended by ch, 565, Laws 1917, is held to in effect amend sec. 4 of the ordinance of January 2, 1900, it is unconstitutional because it impairs the obligation of a contract.

The main questions raised and considered on this appeal are determined by previous decisions of this court.

1. Sec. 1863, Stats., does not now apply and has not applied exclusively to interurban or suburban railroads. *Milwaukee L., H. & T. Co. v. M. N. R. Co.* 132 Wis. 313, 329, 112 N. W. 663; *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925.

2. Sec. 1863 is as follows, that part introduced by ch. 565, Laws 1917, being italicized:

"Any street railway corporation *operating within any municipality shall extend its lines and furnish service thereon whenever, after complaint made as provided in sec. 1797—4 and public hearing after notice to all parties interested, the railroad commission shall have found and declared that public convenience and necessity require such extension and such additional service and that the construction and operation of such extension will not impair the earnings of the said cor-*

State ex rel. Milwaukee v. Mil. E. R. & L. Co. 169 Wis. 183.

*poration so as to prevent an adequate or fair return, and provided that any such order shall be subject to judicial review in like manner as now provided by law with respect to other orders of the railroad commission, and such corporation* may extend its railway to any point within any town adjoining the municipality from which it derived its franchise, and for such purposes may, with the written consent of a majority of the supervisors of such town, lay and operate its railway upon, across and along any highway, but not so as to obstruct common public travel thereon.   Corporations may be formed and governed in like manner as is provided in section 1862 for the purpose of building, maintaining and using railways with rails of wood or iron in any city, village or town, or to extend from any point in one city, village or town to, into or through any other city, village or town, and for running cars propelled by animals or other power for the carriage of either passengers or freight; and for that purpose, with the consent of the common council of any city, the board of trustees of any village and the written consent of a majority of the supervisors of any town in, into or through which such railway or tramway may extend, may lay and operate their railways or tramways upon, across and along any highway, but not so as to obstruct the common public travel thereon.   In any city or village the consent of the common council or board of trustees shall be given by ordinance, and upon such terms and subject to such rules and regulations and the payment of such license fees as the common council or board may from time to time prescribe; provided, that the common council or board shall not alter or change the license fee prescribed for any such corporation oftener than once in each five years."

Even if prior to the enactment of ch. 565, Laws 1917, sec. 1863 had applied only to suburban or interurban railways, there is nothing to indicate that street railways operating within cities are excepted from the language "within any municipality," which clearly applies to all municipalities, including cities.

3. The amendment to sec. 1863 must be construed with reference to the other provisions of the section.   The power to grant a franchise for the occupation of city streets is by

sec. 1863 conferred upon the common councils of cities. Whatever the power of the legislature may be in respect to granting a franchise upon the streets of cities for the extension of street railway lines where public convenience and necessity require it, in the absence of a clearly expressed legislative intent to that effect it will not be assumed that the legislature intended to withdraw from municipalities powers so delegated to them. In accordance with settled rules of construction the provisions of the section must be construed as a whole and effect given to every part thereof. *Harrington v. Smith,* 28 Wis. 43.

We do not decide or consider, because not presented by this record, the question whether or not under the January 2, 1900, ordinance a franchise is thereby granted for the extension of the defendant's lines upon such streets as public convenience and necessity shall thereafter require within the terms therein stated. The ordinance of May 7, 1917, removes the question from this case.

4. Sec. 1863 must be construed to mean that a street railway corporation operating within a municipality is bound to construct its street railway upon such streets as the municipality in question may theretofore or thereafter have designated by the giving of a franchise or otherwise, if public convenience and necessity require such extension. If a municipality so circumstanced has not granted and refuses to grant a franchise for an extension under existing law, the street railway company cannot extend its lines, and all orders of the railroad commission for the extension of lines must be subject to the provision that a franchise, permit, or license therefor has been given or be first obtained from the proper municipality.

5. Under that part of the January 2, 1900, ordinance referred to, the city may compel the construction of lines where public convenience and necessity require it.

6. The amendment to sec. 1863 made by ch. 565, Laws 1917, provides a special tribunal which is to ascertain a fact,

that is, Does public convenience and necessity require the proposed extension? While the method of procedure is not definitely outlined, the ordinance of January 2, 1900, is in effect amended by ch. 565, Laws 1917, so as to make the procurement of the certificate of convenience and necessity from the railroad commission a condition precedent to the right of the city to compel the construction of an extension. *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 142 N. W. 184.

7. The clause of the ordinance of January 2, 1900, by its terms provides that an extension shall not be required unless public convenience and necessity demand it, and in this case we hold that the ordinance is amended no further than that the railroad commission is made the exclusive tribunal for the ascertainment of that fact.

8. The question as to whether or not the clause of the January 2, 1900, ordinance referred to is a "term" within *Superior v. Duluth St. R. Co.* 166 Wis. 487, 165 N. W. 1081, does not arise. Changing the remedy by which a right under a contract is enforced does not impair the obligation of the contract. *Borgnis v. Falk Co.* 147 Wis. 327, 366, 133 N. W. 209. There is a wide distinction between the power of a municipality to regulate a utility under a delegated power and the authority of the state in the same field. *Milwaukee E. R. & L. Co. v. Railroad Comm.* 153 Wis. 592, 142 N. W. 491.

*By the Court.*—Order affirmed.