CITY OF MADISON, Respondent, vs. FULLER & JOHNSON MANUFACTURING COMPANY, Appellant.

*February 11—March 14, 1922.*

*Vacation of street: Statute limiting time to attack attempted vacation: Construction: Legislative power: Action of common council: Validating imperfect vacation.*

1. Sec. 926—125*q*, Stats., requiring an action to set aside any final order of any circuit court, or action of the common council of a city, for the vacation of a street to be begun within six months from the publication of the statute, and validating such attempted vacation at the end of such six months, is one of limitation and repose and requires a fair and reasonable construction to carry out its manifest purpose of putting a quietus on subsequent attempts to overturn proceedings in regard to the vacation of streets.

2. Since the legislature has the primary power as to the laying out and vacating of public highways, even though exercised through the common council, the legislature can ratify that which was attempted to be done, or was imperfectly done, at some prior time, as it did by sec. 926—125q, Stats.

3. The fact that a complaint to require defendant to remove obstructions from a street omitted any reference to a judgment vacating the street rendered subsequent to the erection of buildings thereon under permit by the city, does not affect the character of the action, which is an attack on the vacation of the street.

4. Where the common council of a city accepted a deed to property for a street, which deed was expressly conditioned on the vacation of another street, its acceptance of the deed was equivalent to a vacation of such street, which action became binding, if not attacked within six months, under said sec. 926—125q.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Prior to October, 1891, Dickinson street had been regularly platted and theretofore traveled to some extent as a public highway in the city of *Madison.* As so platted it was sixty-six feet wide. At that time the defendant owned and occupied for factory purposes blocks 217 and 219 on one side of Dickinson street and blocks 222 and 223 on the opposite side thereof, the latter two blocks extending to Water street, which ran practically alongside of the then Catfish, now Yahara, river, which connects Lakes Mendota and Monona.

East Mifflin street crossed Dickinson street and separated blocks 219 and 222 from blocks 217 and 223; East Washington avenue was substantially parallel with East Mifflin street and separated therefrom by blocks 217 and 223.

On November 13, 1891, after application by defendant, the common council of the plaintiff, by resolution, gave permission to the defendant to use and occupy for buildings, workshops, and additions to its manufacturing plant that portion of said North Dickinson street lying between East

Washington avenue and East Mifflin street and between blocks 217 and 223, to erect and maintain thereon such buildings, workshops, and additions to its manufacturing plant as defendant might deem expedient.    It provided, however, that a driveway should be left on the southwest side of such street or on defendant's land adjoining such side of sufficient width to permit teams to pass between said East Washington avenue and East Mifflin street.

The permission thus given was acted upon, and in the following year defendant built upon the northeast fifty-one feet of said North Dickinson street between East Mifflin street and East Washington avenue by erecting thereon a building used in connection with its industrial plant, and continued such use thereafter.    In August, 1919, a portion thereof abutting on East Washington avenue was partially removed to make room for a new and more substantial factory building then started to be erected by defendant and running along East Washington avenue with the corner thereof established at substantially the corner line of North Dickinson street and said East Washington avenue; so much of such structure as had been used for blacksmith-shop purposes remaining as before, and the portion still left on the East Washington avenue end still being used for storage purposes.

In 1903 the directors of the Madison Park and Pleasure Drive Association sent a communication to the common council of the plaintiff city as to its proposed improvement of the Yahara river and banks between Lakes Mendota and Monona. This involved, among other things, the widening of and shifting the location of Water street (now Thornton avenue), which ran alongside the Yahara river, from its then width of about fifty feet to a proposed width of sixty-six feet, and to shift the same from its then location onto blocks 222 and 223 so as to allow the maintaining of suitable banks between that and the Yahara river and to permit of suitable approaches for the bridges then built or presently to be con-

structed, and all to be at a higher elevation so as to permit of navigation along the Yahara river as proposed to be improved, straightened, and deepened. It also recited that negotiations had been had between such directors and the defendant looking to the securing of a deed from the defendant of sufficient lands on the ends of said blocks 222 and 223 to effectuate the proposed plan for improvement along the river, including the widening and shifting of Water street, in return for a vacation by the city of the strip of land occupied by Mifflin street between said blocks 222 and 223 and the fifty-one feet above described in front of block 223 in North Dickinson street, the amount of land so suggested to be conveyed by the defendant being substantially equivalent in amount to that covered by the proposed vacation.

Thereupon a resolution was proposed at a meeting of the common council of the plaintiff reciting the communication from the Park and Pleasure Drive Association as aforesaid and reciting as follows:

"Now, therefore, be it hereby resolved, that it is the sense of the common council of the city of *Madison* that it would be for the interest and welfare of the city of *Madison* to have vacated the portions of Dickinson and East Mifflin streets above described in consideration of the said *Fuller & Johnson Manufacturing Company* conveying good title, by proper conveyance, to the city of *Madison,* for street and park purposes, the lands as described in said report of said directors of the Madison Park and Pleasure Drive Association.

"Be it further resolved, that before said streets are vacated, said *Fuller & Johnson Manufacturing Company* shall execute a proper deed of conveyance, conveying good title to said city of *Madison* to the lands described in said report of said directors, and place the said deed in escrow in the hands of Rufus B. Smith, city attorney for said city, said deed to be retained by him until said portion of said streets shall be vacated, whereupon said deed shall be delivered by said Rufus B. Smith to the city of *Madison.*"

Subsequently, by amendment, so much of the resolution as pertained to the vacation of the strip in question here on Dickinson street was stricken out and the resolution as so amended adopted on October 9, 1903.

In January, 1904, an application was made by the defendant to the circuit court for Dane county for the vacation of said blocks 222 and 223 and other property and notice thereof given to the plaintiff.

The judiciary committee of the common council acted upon said notice and recommended that the city attorney be directed to appear for the city and consent on its behalf to such vacation. The common council refused to adopt so much of the recommendation as related to the fifty-one feet in question here and directed the city attorney to oppose such vacation, but adopted the recommendation as to the vacation of Mifflin street.

In such action the then city attorney appeared and consented to the vacation of Mifflin street but objected to the vacation of the fifty-one feet on Dickinson street. The said action came on for hearing April 6, 1904, and the plaintiff herein appeared by the city attorney. A judgment was then entered vacating all of said block 222 and all of that part of block 223 lying west of the Chicago & Northwestern Railway right of way, together with Mifflin street lying between said two blocks, and also the northeast fifty-one feet of Dickinson street adjoining block 223, being the particular strip here involved, and adjudging that the title to said Mifflin street as above described and of the northeast fifty-one feet of Dickinson street as aforesaid be vested in the defendant herein.

On April 18, 1904, the defendant conveyed by written deed to the plaintiff a strip off the northeasterly side of block 222 and also of block 223. Such deed recited a consideration of one dollar and other valuable considerations and also provided as follows:

"This deed is made in consideration of the vacation of Mifflin street between Dickinson street and Water street,

and the northwest [*sic*] fifty-one (51) feet of Dickinson street between Mifflin street and Washington avenue, which has been done by a judgment entered in the circuit court for Dane county, aforesaid, vesting the title to said portions of said streets in the grantor; but if the grantor shall become divested of the title to said portions of said Mifflin and Dickinson streets without its consent, or by reason of any action or proceeding by the grantee, or any person, persons or corporation on its motion or in its behalf, which shall reverse, vacate or annul the judgment of the circuit court, aforesaid, then the title to the lots of land hereinbefore described shall revert to and vest in and belong to the grantor herein, its successors and assigns forever."

Such deed was recorded July 4, 1904.

On April 26, 1904, a resolution was adopted by the common council of plaintiff to the effect that said Water street be relocated so that it substantially included the strip conveyed to the city by defendant from the northeasterly side of blocks 222 and 223 by the deed of April 18th. On the same date the common council, also by unanimous vote, accepted the aforesaid conveyance to the city from the defendant.

On July 10, 1914, a resolution was introduced in the common council to revoke and withdraw the permission granted to the defendant in October, 1891 (*supra*), for the use of the fifty-one feet on Dickinson street.

Further action was taken by the common council with reference to such matter, but on April 14, 1915, the above cited resolution and recommendation of July 10, 1914, was voted down.

On November 28, 1919, by resolution, the common council of the plaintiff revoked and rescinded the permission given on November 13, 1891 (*supra*), for the occupation of the fifty-one feet in question and further directed and ordered that the defendant remove any and all buildings, workshops, and additions to its manufacturing plant theretofore placed by said defendant within the limits of North Dickinson street aforesaid so that the said North Dickinson street may

be open for public use to the full width of sixty-six feet between East Washington avenue and East Mifflin street.

The defendant refusing to comply with said resolution, this action was brought by the plaintiff praying judgment that the defendant do forthwith remove its buildings and structures from such portion of North Dickinson street and be forever enjoined and restrained from encroaching on the same. The defendant answered, among other things asserting its reliance upon and pleading certain statutes of limitation.

After trial the court made its findings of fact and conclusions of law and directed the entry of judgment in accordance with the prayer of the complaint. From such judgment the defendant has appealed.

For the appellant there were briefs by *Bagley & Reed* and *Olin, Butler, Thomas, Stebbins & Stroud,* all of Madison, and oral argument by *Harry L. Butler* and *William R. Bagley.*

*William Ryan,* city attorney, for the respondent.

ESCHWEILER, J. The defendant pleaded and relied upon as a bar to plaintiff's right to bring this action that which was at the time of the commencement and trial of this action sec. 926—125*q*, Stats., the parts whereof so far as material here reading as follows:

"No action shall hereafter be brought or maintained to annul or set aside any final order of any circuit court, or action of the common council of any city, heretofore made or taken for the vacation of any . . . plat, street, . . . or any part thereof, unless such action be pending or be commenced within six months from the passage and publication of this act; and at the end of such six months such attempted vacations shall be hereby validated except as they may be invalidated by actions then pending. . . ."

This statute is plainly one of limitation and of repose and requires a fair and reasonable construction (*Fish v. Collins,*

164 Wis. 457, 461, 160 N. W. 163) to carry out its mani-
fest purpose of putting a quietus, after the period fixed
therein, upon subsequent attempts by any form of action to
upset or overturn proceedings theretofore had or attempted
to be had with regard to the vacating of streets and high-
ways.   Such a statute is clearly within the legislative prov-
ince to enact, for it is with reference to a subject matter,
the public highways of the state, over which the legislature
has the primary power as to the laying out and vacating
thereof.   *Chicago & N. W. R. Co. v. Railroad Comm.* 167
Wis. 185, 191, 167 N. W. 266; *Krueger v. Wis. Tel. Co.*
106 Wis. 96, 104, 81 N. W. 1041; 37 Cyc. 45; 13 Ruling
Case Law, 163.   It is a power which, though it may dele-
gate to some appropriate administrative body, nevertheless
is still the exercise of such power by the state itself.   *Chi-
cago & N. W. R. Co. v. Railroad Comm.* 167 Wis. 185,
192, 167 N. W. 266; *Warden v. Hart,* 162 Wis. 495, 497,
156 N. W. 466.

Having the primary power to prescribe the regulations
for the surrender of the public easement in and to that which
theretofore had been enjoyed by the public as a public high-
way by prescribed vacation proceedings, the legislature may,
by subsequent legislation, ratify that which was attempted
to be done or imperfectly done at some prior time.   *State
ex rel. Ervin v. County Board,* 163 Wis. 577, 581, 158 N.
W. 338; 37 Cyc. 131.

Construing this statute as an entirety, as it is proper we
should (*State ex rel. Milwaukee v. Milwaukee E. R. & L.
Co.* 169 Wis. 183, 190, 172 N. W. 230), it must be held to be
a complete bar to the plaintiff obtaining the relief sought in
this action.

Although neither the complaint nor judgment in this
action makes mention of the various proceedings with refer-
ence to this particular strip of land fifty-one feet in North
Dickinson street which were had and done by the respective
parties in 1903 and 1904 and which are recited in the fore-

going statement of facts, nevertheless the effect of the judgment below, if affirmed here, is a virtual and effective setting aside and holding for naught all that was so done.    The silence in that regard in both the complaint and the judgment does not alter the substance and effect of the judgment or make this any the less an action to annul or set aside the prior action of the common council made or taken for the vacation of the part of the street involved.

We deem it unnecessary to determine, and therefore express no opinion, as to whether the judgment of the circuit court of April, 1904, in form vacating the strip of land in question, was void because exceeding the jurisdiction of such circuit court, as is contended for by plaintiff here in reliance upon the case of *Petition of Hayes,* 139 Wis. 163, 120 N. W. 834, because the application of the above quoted statute to the facts here presented is not dependent on such judgment.

When the common council, acting upon a subject matter over which it had unquestioned jurisdiction, namely, the vacating of the strip of street here involved, by formal resolution extended and widened Water street over and upon the land then conveyed to it by defendant, and by further formal resolution ·accepted the said conveyance so reciting the consideration and without reservation or limitation, and all after the judgment in the action then brought and to which the plaintiff was a party, all these proceedings being had in good faith by the parties concerned and evidently being considered all that was necessary to effect the vacation of the fifty-one feet on Dickinson street, there was either a valid, effectual vacation thereof or an attempted vacation.    If valid, it is binding on the city by its own force; if but an attempt, it becomes binding by force of the legislative decree embodied in sec. 926—125$q$, Stats., *supra*. The power thus exercised by the legislature ·is independent and paramount, and the time having elapsed within which

there was opportunity for repentance or repair, 'the attempted vacation has become absolute.

This makes it unnecessary to consider or pass upon any of the other questions presented, and it follows that the judgment of the circuit court must be reversed and the action dismissed.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.