STATE EX REL. JOHNSON and others, Appellants, vs. UNION FREE HIGH SCHOOL DISTRICT OF POLK AND ST. CROIX COUNTIES and others, Respondents.

*January 13—February 6, 1923.*

*Schools: Union free high schools: Defective organization: Curative statute: Validity: Effect.*

1. Under sec. 3, art. X, Const., the legislature has full power to prescribe how free high school districts shall be formed, and may by curative act remedy any omission or irregularity in the formation of such districts.

2. Sec. 40.52, Stats., was intended to cure all defects, irregularities, or omissions in the formation of union free high school districts and to validate those which for any reason were invalid under the procedure the law then required, and defects in petitions, notices, calling of meetings, elections, and notices of elections were cured by such statute.

State ex rel. Johnson v. Union F. H. School Dist. 179 Wis. 631.

APPEAL from an order of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Affirmed.*

*Quo warranto* actions consolidated to test the validity of the establishment of a union free high school district under sec. 40.47, Stats., containing an incorporated village.

The chief alleged defects in the establishment of the district may be summarized as follows: (1) The petition was not signed by the required number of qualified voters of the territory; (2) only a pretended meeting of the chairmen and of the village president involved was held; (3) no notice of such meeting was served as required; (4) no sufficient notice was given of the election to be held; (5) no separate election was held in the incorporated village of Clear Lake, located within the territory, but only one election for the whole territory, and the place of that election was not properly designated.

Separate demurrers were interposed in each of the actions, and each demurrer alleged that the action was not begun within the time limited by sec. 39.01 of the Statutes; and that the complaint did not state facts sufficient to constitute a cause of action. From an order sustaining the demurrers the plaintiffs appealed.

For the appellants there was a brief by *Spencer Haven* of Hudson and *Ludvig Arctander* of Minneapolis, Minnesota, of counsel, and oral argument by *Mr. Haven.*

For the respondents there was a brief by *Kennedy & Yates* of Amery, and oral argument by *W. T. Kennedy.*

VINJE, C. J. The district was formed in December, 1920, and these actions were not begun until more than thirty days after the state superintendent had decided that it was lawfully formed. We do not pass upon the question whether the statute pleaded, sec. 39.01, bars the actions. For the purpose of these cases it is assumed that it does not.

The legislature has full power to prescribe how free high

school districts shall be formed.    Sec. 3, art. X, Const.
Having such power it can by a curative act remedy any
omission or irregularity that may have occurred in the
formation of such districts.    *State ex rel. Neacy v. Mil-
waukee,* 150 Wis. 616, 138 N. W. 76; *Bennington Co. Sav.
Bank v. Lowry,* 160 Wis. 659, 152 N. W. 463; *Madison v.
Fuller & Johnson Mfg. Co.* 176 Wis. 462, 187 N. W. 182.
In 1921, when the validity of the formation of this and
of a number of other districts was questioned by legal pro-
ceedings, the legislature passed ch. 260, Laws of 1921,
which so far as this district is concerned reads as follows:

"40.52 (6) No action heretofore taken by the electors
or officers of any town or towns and village, in voting to
form . . . . a union free high school district . . . shall be
invalid by reason of any defect in the form of notice given,
·posted, published, or served, or in calling a meeting for
fixing, or in fixing the time and place for holding the election
for organizing a . . . union free high school district . . .
or the manner in which such notice shall have been given,
posted, published or served; and all steps, procedure, and
elections preliminary to and heretofore had and taken by
any town, towns and village . . . in forming a . . . union
free high school district . . .. are hereby validated and de-
clared to have the same force and effect as if there had been
no irregularities or omissions in the proceedings had for the
purpose of forming or organizing any such free high school
district or districts."

The argument on behalf of appellants runs to the effect
that it was the intent and purpose of this act to cure mere
irregularities and omissions less than jurisdictional ones.
We cannot concur in this view.    The language of the act
clearly implies that it was intended to cure all defects, ir-
regularities, or omissions, and validate that which for any
reason was invalid under the required procedure as the law
stood when the district was formed.    To construe it to
mean less than that would be to impute futility to plain and

unambiguous language that says that whatever steps were taken should be as valid as though there had been no irregularities or omissions. It will be noticed that every essential irregularity or omission set forth in the complaint, with the exception of the first, is almost specifically mentioned in the act. To attempt to further analyze it and to show how it cures the alleged defects would serve only to becloud the plain language of the statute.

*By the Court.*—Order affirmed.