Milwaukee Electric Railway & Transport Company,
Appellant, vs. Public Service Commission and others,
Respondents.

*March 4—April 8, 1952.*

For the appellant there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *Martin R. Paulsen* and *John F. Zimmermann* of counsel, all of Milwaukee, and oral argument by *Mr. Zimmermann.*

For the respondent Public Service Commission there was a brief by the *Attorney General* and *William E. Torkelson,* chief counsel for the commission, and oral argument by *Mr. Torkelson.*

For the respondent city of Milwaukee there was a brief by *Walter J. Mattison,* city attorney, and *Ewald L. Moerke, Jr.,* assistant city attorney, and for the city of Wauwatosa by *Milton F. Burmaster,* city attorney, and oral argument by *Mr. Moerke.*

GEHL, J.  In support of its order the commission found that as to each of the proposed extensions public convenience and necessity require them, and that the construction and operation of each would not impair the company's earnings so as to prevent an adequate or fair return. These findings and the orders were made pursuant to and under the provisions of sec. 193.10, Stats., which reads:

"Any street-railway corporation operating within any municipality shall extend its lines and furnish service thereon whenever, after complaint made and public hearing after notice to all parties interested, the commission shall have found and declared that public convenience and necessity

require such extension and such additional service, and that the construction and operation of such extension will not impair the earnings of the said corporation so as to prevent an adequate or fair return, . . ."

The finding that the public convenience and necessity require the extensions is not seriously challenged. The other is. To disturb it we must determine that it is unsupported by substantial evidence in view of the entire record. Sec. 227.20 (1) (d), Stats.

The company contends that the commission's observation that its rate of return would be reduced, although by less than one-tenth per cent, and that the extension would require a capital expenditure of over a quarter of a million dollars, demonstrates that the finding that its earnings would be unimpaired is unsupported and also that, considered in the light of its record of earnings during the recent years, concededly not large, there is a further lack of support for the finding. These facts are not controlling. If the required extension will produce or increase an existing loss of revenue the commission might reasonably assume that the company will take appropriate steps to save its property from confiscation, that is, apply for a rate increase. *New York ex rel. Woodhaven Gas L. Co. v. Public Service Comm.* 269 U. S. 244, 46 Sup. Ct. 83, 70 L. Ed. 255.

Evidence that the extension will not prevent an adequate or fair return is found in the testimony, in inferences, and from the reasonable anticipation that there will be a continued development and growth of the substantial area to be served; that there are numerous commercial establishments, schools, and churches in the area; that an increase in patronage will result from the improvement in service, and that there will be a resulting increase in the revenue produced by the operation of the extended lines.

The court must also recognize that the commission has expert knowledge, that such knowledge may be applied by it,

and that even though we might differ with the commission, we are without power to substitute our views of what may be reasonable. *New York & Queens Gas Co. v. McCall,* 245 U. S. 345, 38 Sup. Ct. 122, 62 L. Ed. 337; *Ray-O-Vac Co. v. Wisconsin E. R. Board,* 249 Wis. 112, 23 N. W. (2d) 489; sec. 227.20 (2), Stats. We may not disturb the commission's findings.

The commission's order of March 29, 1949, directs:

"1. That the Milwaukee Electric Railway & Transport Company be and hereby is directed to extend its trackless trolley line on West Center street from North Sixtieth street to North Seventy-sixth street in the city of Milwaukee.

"2. That the Milwaukee Electric Railway & Transport Company be and hereby is directed to extend its trackless trolley line on West North avenue from North Sixtieth street to Ludington avenue in the city of Wauwatosa.

"3. That the operation of such extensions shall be commenced on or before October 1, 1949."

That of March 15, 1950, directs:

"1. That the order of this commission of March 29, 1949, in the above dockets be and hereby is affirmed.

"2. That the Milwaukee Electric Railway & Transport Company should proceed forthwith to extend the trackless trolley operations as provided in the commission's order of March 29, 1949, and that operation of such extensions shall be commenced on or before September 1, 1950."

Both orders were affirmed by judgment of the trial court entered on October 3, 1951.

Are these orders, without any action on the part of the cities of Milwaukee and Wauwatosa, effective to require the company to extend its lines?

The answer is contained in *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 169 Wis. 183, 172 N. W. 230. That was a mandamus action brought by the city of Milwaukee to compel the defendant street-railway company to extend a line then being operated under a franchise on a

street in the city. Prior to the action application had been made to the Railroad Commission, now known as the Public Service Commission, for an order requiring extension of the lines. The application was denied. The court had for consideration sec. 1863, Stats. 1917, which reads as follows:

"Any street-railway corporation *operating within any municipality shall extend its lines and furnish service thereon whenever, after complaint made as provided in section 1797 —4 and public hearing after notice to all parties interested, the railroad commission shall have found and declared that public convenience and necessity require such extension and such additional service and that the construction and operation of such extension will not impair the earnings of the said corporation so as to prevent an adequate or fair return, and provided that any such order shall be subject to judicial review in like manner as now provided by law with respect to other orders of the railroad commission, and such corporation* may extend its railway to any point within any town adjoining the municipality from which it derived its franchise, and for such purposes may, with the written consent of a majority of the supervisors of such town, lay and operate its railway upon, across, and along any highway, but not so as to obstruct common public travel thereon. Corporations may be formed and governed in like manner as is provided in section 1862 for the purpose of building, maintaining, and using railways with rails of wood or iron in any city, village, or town, or to extend from any point in one city, village, or town to, into, or through any other city, village, or town, and for running cars propelled by animals or other power for the carriage of either passengers or freight; and for that purpose, with the consent of the common council of any city, the board of trustees of any village and the written consent of a majority of the supervisors of any town in, into, or through which such railway or tramway may extend, may lay and operate their railways or tramways upon, across, and along any highway, but not so as to obstruct the common public travel thereon. In any city or village the consent of the common council or board of trustees shall be given by ordinance, and upon such terms and subject to such rules and regulations and the payment of such license fees as the common council or board may

from time to time prescribe; provided, that the common council or board shall not alter or change the license fee prescribed for any such corporation oftener than once in each five years."

The portions of sec. 1863, Stats., material here are now contained in secs. 193.05 (1) and 193.10. Sec. 193.10 is in substance a copy of the portion of sec. 1863 which we have italicized. The substance of the last two sentences of sec. 1863 is now contained in sec. 193.05 (1).

The material provisions of sec. 1862, Stats. 1917, effective at the time of the decision in *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., supra,* are now contained in sec. 193.01 (1), which reads as follows:

"Corporations for constructing, maintaining, and operating street railways may be formed under chapter 182, and shall have powers and be governed accordingly. Any municipality or county may grant to such corporation, under whatever law formed, or to any person who has the right to operate street railways, the use, upon such terms as it shall determine, of any streets, parkways, or bridges within its limits for the purpose of laying tracks and running cars thereon, or of running cars without tracks by overhead trolley, and auxiliary vehicles operated by internal-combustion engines, for the carriage of freight and passengers, to be propelled by such power as shall be agreed on, with all necessary curves, turnouts, switches, and other conveniences. Every such road shall be constructed upon the most approved plan and be subject to such reasonable rules and regulations and the payment of such license fees as the grantor may by ordinance, from time to time, prescribe. Transportation systems employing overhead trolley structures for the propulsion of cars without tracks shall be deemed railroads subject to the provisions of chapter 195. The cars used for the operation of any such trackless trolley system shall not be deemed motor vehicles within the meaning of chapter 85 and chapter 194; . . ."

No material amendments have been made to secs. 1862 or 1863, Stats., except such as were necessary to include the control of the operation of trackless trolley buses.

Thus it appears that the court in *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., supra,* had for application and construction substantially the same statutory provisions as we have to deal with in the instant case.

Sec. 193.10, Stats., reads as follows:

*"Extension of lines, interurban roads.* Any street-railway corporation operating within any municipality shall extend its lines and furnish service thereon whenever, after complaint made and public hearing after notice to all parties interested, the commission shall have found and declared that public convenience and necessity require such extension and such additional service, and that the construction and operation of such extension will not impair the earnings of the said corporation so as to prevent an adequate or fair return. . . ."

It seems to have been contended in *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., supra,* as it is in this case, that by enactment of this section the legislature intended to withdraw from municipalities the delegated power to issue franchises for the use of streets. In response to that the court observed (p. 190):

"Whatever the power of the legislature may be in respect to granting a franchise upon the streets of cities for the extension of street railway lines where public convenience and necessity require it, in the absence of a clearly expressed legislative intent to that effect it will not be assumed that the legislature intended to withdraw from municipalities powers so delegated to them."

We abide by what the court said and conclude that there is nothing in either sec. 193.10, Stats., or in any other statutory provision to indicate that the legislature has expressed a purpose to withdraw from the municipalities the right to control the use of their streets, a right which obviously is important to the safety, comfort, convenience, and economy of their inhabitants.

It was contended in *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., supra,* as it is here, that by the enactment

of sec. 193.10, Stats., exclusive jurisdiction to order extension of street-railway lines was conferred upon the commission and that to make such order effective no action on the part of the municipality was necessary. To that contention the court replied (p. 190):

"4. Sec. 1863 must be construed to mean that a street-railway corporation operating within a municipality is bound to construct its street railway upon such streets as the municipality in question may theretofore or thereafter have designated by the giving of a franchise or otherwise, if public convenience and necessity require such extension. If a municipality so circumstanced has not granted and refuses to grant a franchise for an extension under existing law, the street railway company cannot extend its lines, and all orders of the railroad commission for the extension of lines must be subject to the provision that a franchise, permit, or license therefor has been given or be first obtained from the proper municipality."

In accordance with the rule of *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., supra,* we conclude that the provisions of sec. 193.10, Stats., are not self-executing, that the findings of the commission and its order are not effective to require the extension of the lines unless or until franchises therefor are issued by the cities concerned. This is not to say that the findings of fact made by the commission have no effect. They establish an essential, but the duty to comply with the order based thereon depends upon the required action of the interested municipality whether such action be taken before or after the entry of the commission's order.

For the reasons stated the judgment of the trial court must be reversed.

*By the Court.*—The judgment, in so far as it purports to determine that the order of the Public Service Commission is effective to require the petitioner to extend its lines without franchises granted by the cities involved, is reversed. In other respects it is affirmed.

BROWN, J., took no part.