MILWAUKEE & SUBURBAN TRANSPORT CORPORATION, Appellant, vs. PUBLIC SERVICE COMMISSION, Respondent.

*May 3—June 8, 1954.*

For the appellant there were briefs by *Lines, Spooner & Quarles*, attorneys, and *Maxwell H. Herriott* and *William K. McKibbage* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott*.

For the respondent there was a brief by the *Attorney General* and *William E. Torkelson*, chief counsel for the Public Service Commission, and oral argument by *Mr. Torkelson*.

MARTIN, J.   On December 30, 1952, appellant acquired title to the Milwaukee metropolitan transportation facilities

of the Milwaukee Electric Railway & Transport Company, including motor-carrier certificate No. CC-334 for motorbus route 65, which extends from the central portion of West Allis southwesterly through West Allis to various transfer points of streetcar and motorbus lines of the appellant.

On October 29, 1952, the commission found, "That the operation of the proposed extension of route 65, as amended at the hearing and above set forth, on a trial basis is necessary for reasonably adequate service to the public" and ordered said route extended into the town of Greenfield. The commission on its own motion reopened the proceeding on December 18, 1952, to investigate a collateral issue and, after further hearing, affirmed its October order.

Assignment of the authority under the certificate of the predecessor company was made to the appellant on December 15, 1952, and a new certificate, No. CC-761, issued to appellant. On March 9, 1953, appellant was substituted as a party in this proceeding and, after denial of its motion for rehearing, petitioned for review of the commission's order.

When the matter came on for hearing in the circuit court, appellant contended the record must be remanded to the commission for the reason that it failed to make a finding that the operation of the extension would not impair the earnings of the appellant so as to prevent an adequate and fair return. It was held by the lower court that the order is not fatally defective because no such finding was made.

Service over the route in question is authorized by a certificate issued in accordance with the provisions of ch. 194, Stats. Sec. 194.29, Stats., provides:

"Every common motor carrier of property or passengers shall furnish reasonable, safe, and adequate service and facilities."

This proceeding was instituted for the determination whether such statutory duty required the proposed extension.

The commission found, on the basis of facts disclosed by surveys made in the area to be served by the extension, that:

"The operation of the proposed extension of route 65, as amended at the hearing and above set forth, on a trial basis is necessary for reasonably adequate service to the public."

It found that one additional bus would be required to extend such service and, on evidence presented by the appellant, estimated the total operating expenses would be $15,303 and revenues $2,559 with an annual deficit of $12,744.

Appellant does not challenge the findings made by the commission and has included none of the testimony in its appendix. Its contention on this appeal is that since the extension of service ordered would produce a net operating loss, it was essential, under the provisions of sec. 193.10, Stats., that the commission make a formal finding that such extension will not impair the earnings of the corporation so as to prevent an adequate or fair return.

Sec. 193.10, Stats., by its terms is applicable to street-railway corporations. The appellant here operates a street railway under a franchise granted under ch. 193, Stats., and also operates motorbuses under a certificate of authority under ch. 194, Stats. Its operations under such separate authorities are manifestly different in character. The installation and operation of a system of street railways and trackless trolleys require a large capital expenditure while the operation of motorbuses does not.

It would, therefore, seem reasonable to conclude that their operation and extension of service should be governed by different statutory provisions. Ch. 193, Stats., applies especially to street railways and auxiliary vehicles, and sec. 193.10, Stats., requires that in ordering an extension of such service the commission must make a finding of a fair and adequate return to the corporation as well as a finding of convenience and necessity. Under the provisions of ch. 194, Stats., however, the commission need only make the ultimate finding that an extension is necessary for reasonable and

adequate service to the public, and it has made that finding here.

In *Chicago & M. E. R. Co. v. Public Service Comm.* (1949), 254 Wis. 551, 560, 37 N. W. (2d) 42, this court said:

"Since the Transport Company has a certificate which is unimpeachable because no appeal was ever taken from the order granting it, it has a right under ch. 194 to operate motor vehicles for the furnishing of passenger service in the city of Milwaukee and so far as this service is concerned the provisions of ch. 193 are inapplicable."

Appellant argues that, nevertheless, the provisions of sec. 193.10, Stats., are applicable "as a matter of principle" so that the necessary requisites for judicial review under sec. 227.20 may be presented by the record. We see no merit in the contention. It must be kept in mind that this is a service case, not a rate case. The commission made all the findings of evidentiary fact necessary under ch. 194, Stats. It set forth the area to be served, the number of potential customers there, the character of the area with respect to its possible future residential development, the present lack of transportation facilities, the requisites of adequate bus service, and the estimated deficit that would result from the operation. It then made the ultimate finding that the proposed extension is necessary in order to provide reasonably adequate service to the public, as required in sec. 194.29. The net loss resulting from the operation is one of the circumstances to be considered in ordering the extension, and the commission's finding of an estimated deficit shows that it did consider such factor in making its ultimate finding.

Whether the net loss to the corporation occasioned by operation of such extension is or is not such as would prevent appellant from receiving an adequate or fair return on its investment is a question to be decided upon its application

for an increase in rates. In *Milwaukee E. R. & T. Co. v. Public Service Comm.* (1952), 261 Wis. 299, 302, 52 N. W. (2d) 876, upon review of an order to extend trackless-trolley service involving a capital expenditure which would reduce the rate of return to the corporation, the finding of the commission that such reduction would not prevent an adequate return was challenged, and this court held:

"If the required extension will produce or increase an existing loss of revenue the commission might reasonably assume that the company will take appropriate steps to save its property from confiscation, that is, apply for a rate increase."

As stated in *Matter of Utica Transport Corp. v. Feinberg* (1950), 277 App. Div. 464, 468, 100 N. Y. Supp. (2d) 916, 920, 87 PUR NS 74, 77, where extension of bus service had been ordered by the New York commission:

"The issue of confiscation is prematurely raised. It is not apparent that the commission made any inquiry or determination as to a fair return from petitioner's over-all operations, nor did it have the duty to do so in a case involving a comparatively short extension of a bus line. If there is a justifiable need for an increase in rates in order that petitioner may obtain a fair return from its bus service as a whole the commission has power to grant relief in a proper proceeding."

Such remedy is always available upon the institution of proceedings for an increase in rates, but it cannot properly be made an issue in this, a service case.

In its reply brief appellant argues that by this order the commission requires it to render service in a new territory not authorized by its certificate. The argument is without merit. Pursuant to sec. 328.021, Stats., we have taken judicial notice of appellant's certificate of authority, CC-761, and find that it authorizes the operation of urban bus service in the town of Greenfield. The company has not appealed

from the grant of such authority and has, therefore, accepted the duty to provide such service as the commission finds reasonable and adequate. The order appealed from requires the extension of an already existing bus line, route 65—not the establishment of a new line—in a territory included within the company's certificate of authority.

Appellant's contention apparently is based on the erroneous view that its certificate of authority limits its operations to the specified streets and highways now used in route 65. Public Service Commission Order MC-1069, dated April 15, 1939, 1950 Wisconsin Red Book, Administrative Rules and Orders (6th ed. 1950), p. 373, provides:

"That each common motor-carrier certificate which specifically authorizes local urban bus service on a specified route or routes within a municipality or municipalities shall be deemed to be amended so as to include in its scope operation on all streets and highways in said municipality or municipalities, provided, however, that no bus route therein shall be established, extended, or abandoned, without the approval or order of the commission."

*By the Court.*—Judgment affirmed.