WISCONSIN SOUTHERN RAILWAY COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*November 15—December 9, 1924.*

*Railroads: Issuance of bonds: Requirements: Certificate of convenience and necessity.*

1. A railroad company organized in 1897 under ch. 87, Stats., and which has not procured the local consents and franchises mentioned in sec. 191.06, Stats. 1923, must get a certificate of convenience and necessity from the railroad commission to construct any authorized unconstructed portion of its line. p. 316.
2. A railroad company may not issue bonds prior to obtaining a certificate of convenience and necessity from the state railroad commission to construct its railroad. p. 317.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Charles D. Smith* of Fond du Lac, for the appellant.

For the respondent the cause was submitted on the brief of the *Attorney General, C. A. Erikson,* deputy attorney general, and *E. L. Wingert* of Madison.

JONES, J. This is an appeal from an order of the circuit court for Dane county sustaining a demurrer of the defendant to the complaint. The complaint alleges that the plaintiff is a railroad corporation, organized under ch. 87 of the Revised Statutes of Wisconsin, with its principal office in the city of Fond du Lac; that its articles of incorporation were duly filed and recorded on May 3, 1897, and that the charter was granted and the company duly organized on May 10, 1897; that the charter and articles gave to the plaintiff authority to construct a standard gauge railroad from Madison to Sturgeon Bay; that the plaintiff surveyed its line of road and procured its right of way between Madison and Calumetville, a distance of about ninety-one miles, and located a line from Calumetville to Sturgeon Bay, and that it will not parallel any existing railroad; that it will be constructed in the most substantial manner with all the necessary sidetracks and depots; that it will be operated by electricity for the transportation of persons and property at an estimated cost of $5,700,000, being at the rate of $30,000 per mile, including equipment and all other property; that the mortgage or trust deed will include the usual provisions of railroad mortgages with terms as to interest and the retirement of bonds; that the authorized capital stock is $5,000,000, being $3,500,000 of preferred and $1,500,000 of common stock; that the company had issued stock for a valuable consideration before the creation of the defendant *Commission;* that owing to financial conditions the company was not able at the time of incorporation to finance the undertaking, but is able to do so at present; that

the plaintiff applied to the *Railroad Commission* for permission to issue and sell its bonds, but the *Commission* decided that under the statute the plaintiff was required to obtain certificates of convenience and necessity.  It is alleged that the *Commission* has no lawful authority to make such a decision under the statute for the reason that the company was organized eight years before the creation of the *Commission* and has issued stock for labor and services and other lawful purposes.  The complaint prays for a ruling as to whether the company has the right to commence the construction of its road and to issue its bonds without the authority of the *Commission* and whether its right to construct its road is separate from its right to issue bonds.

The plaintiff relies upon the following statute, sec. 191.01, Stats. 1923:

*"Road construction certificate from commission requisite.*  No railroad corporation hereafter organized shall exercise the powers conferred upon it by the laws of Wisconsin, nor begin the construction of any proposed line of railroad in this state, until it shall have obtained from the railroad commission of Wisconsin, a certificate that public convenience and a necessity require the construction of said railroad as proposed in the articles of association of said railroad company, and such certificate shall constitute the license from this state to the company to build its said proposed railroad."

The *Railroad Commission* contends that sec. 191.06 is the statute which governs on the facts presented by the complaint.  This statute provides as follows:

*"Railroad extensions; certificate and public notice necessary.*  If any railroad company heretofore organized shall hereafter desire to extend its line or lines of railroad in this state or to build extensions or branches connected therewith, or to construct any unconstructed portion of its authorized line of railroad, or any line of railroad whatever for which the right of way and local consents and franchises have not been procured, it shall, before beginning construc-

tion thereof, make application to the railroad commission for a certificate of convenience and necessity authorizing the construction of such extension or branch or. lines in the manner hereinbefore provided; except that it shall not be necessary to publish the articles of association of such railroad but only to publish the notice of hearing of such application at least once in each week for two successive weeks preceding such hearing in one or more newspapers in each county in which said extension, branch or line is to be built."

Plaintiff's counsel argues that this statute applies only to railroad extensions and that the plaintiff has all the powers conferred by sec. 1828, ch. 87, now sec. 190.12, Stats. 1923, to construct its railroad. Although the complaint alleges that the plaintiff was incorporated and organized prior to the passage of the statute in question and has surveyed its line of road and obtained its right of way over portions of its line, it is plain that the proposed road is an unconstructed portion of its line of railroad. There is no allegation that the "local consents and franchises" have been procured; nor does it appear that the rights of way were secured before the passage of the statutes above quoted. Those two sections cover situations entirely different, and we consider that sec. 191.06 relates not merely to extensions but to the construction of railroads previously incorporated. There have been many changes in economic conditions and in the policy of the state in respect to railroads since 1897, and there seems no good reason why the statutes in question should not be construed to mean what they say in very plain language. Plaintiff's counsel does not claim that the legislature exceeded its power in the enactment, and this power is broadly conferred by sec. 1, art. XI, of the state constitution. It is our conclusion that the *Commission* correctly construed the statute as requiring the plaintiff to obtain a certificate of convenience and necessity authorizing the construction of the road. Sec. 184.04 and sub. (1), (2), and (3), sec. 184.09, regulate the issue of stock and forms of indebtedness by public-service corporations and the control

by the *Commission* over such issues. Since we hold that the plaintiff could not legally construct the railroad before obtaining a certificate of convenience and necessity, it logically follows that the *Commission* properly refused to authorize the issue of bonds. To use the language of the trial judge:

"The bonds which plaintiff seeks the authority to sell are to be used to build the entire line of road. The company cannot build this line of road until it secures a certificate of convenience and necessity. Until the company secures this certificate the bonds should not be issued because the company cannot use the proceeds to build the road, and to permit the company to sell its bonds before it has any power to build the railroad which is to be security for the bonds issued would be contrary to the very clearly expressed legislative intent to give to the *Railroad Commission* power to protect the people of the state from investing their money in bonds which are not adequately secured."

It is claimed by the respondent's counsel that the only remedy of the appellant would be *mandamus* proceedings. It is not necessary to decide this question.

*By the Court.*—The order appealed from is affirmed, and the cause remanded to the circuit court for further proceedings according to law.