CENTRAL STEAM HEAT & POWER COMPANY, Respondent,
vs. RAILROAD COMMISSION OF WISCONSIN, Appellant.

*March 11—April 5, 1927.*

*Public utilities: Permit to issue securities: Duty of railroad com-
mission to determine amount: Power of court.*

1. Where a heat and power company applied to the railroad com-
   mission under sec. 184.01 *et seq.*, Stats., for authority to issue
   common stock, preferred stock, and bonds on two central
   heating plants, and the total amount of securities for which
   a permit was requested was determined by the railroad com-
   mission to be too large, it is the duty of the commission to
   determine a reasonable amount, rather than to deny the appli-
   cation, in view of secs. 184.02, 184.09, and 184.16.  p. 600.
2. The circuit court has no power to direct the commission to
   find that a certain amount of stock and bonds is a reasonably
   necessary issue, where the commission has not acted on that
   subject in considering the company's application.  p. 600.

APPEAL from a judgment of the circuit court for Dane
county: AUGUST C. HOPPMANN, Circuit Judge.  *Reversed,
with directions.*

Plaintiff, a public utility, pursuant to the provisions of
sec. 184.01 *et seq.*, Stats., made application to the *Railroad
Commission of Wisconsin* for authority to issue $50,000
common stock, $70,000 preferred stock, and $180,000 bonds
upon two central heating plants, one at Port Washington and
one at Plymouth.  The material parts of the statutes in-
volved are as follows:

"184.02  *State control of liens on corporate property.*
The power to create liens on corporate property by public-
service corporations in this state is a special privilege, the
right of supervision, regulation, restriction, and control of
which shall be vested in the state, and such power shall be
exercised according to the provisions of these statutes."

"184.09  *Public utilities, issue of securities regulated,
proceeds.*  (1) No public-service corporation shall hereafter
issue any stocks, certificates of stock, bonds, notes, or any

other evidences of indebtedness, except such as are issued for money only and payable one year or less from the date thereof, until it shall have first obtained authority for such issue from the commission, as herein provided. The proceedings for obtaining a certificate of such authority from the commission and the conditions of its being granted by the commission shall be as follows: In case the stocks, certificates of stock, bonds, notes, or other evidences of indebtedness are payable at periods of more than one year after the date thereof, and are to be issued for money only, the corporation shall file with the commission a statement, signed and verified by its president and secretary, setting forth (a) The amount and character of the proposed stocks, certificates of stock, bonds, notes, or other evidences of indebtedness; (b) the purposes for which they are to be issued; (c) the terms on which they are to be issued, and (d) the total assets and liabilities, and the previous financial operations and business of the corporation, in such detail as the commission may require.

"(2) The signers of the articles of association of a public-service corporation hereafter organized may sign and verify such statement in the first instance. For the purpose of enabling it to determine whether the proposed issue complies with the provisions of sections 184.01 to 184.22, inclusive, the commission shall make such inquiry or investigation, hold such hearings and examine such witnesses, books, papers, documents, or contracts, as it may deem of importance in enabling it to reach a determination. It may also make a valuation of all the property of the corporation if it deems it pertinent to the inquiry or investigation. It shall find and determine the amount of such stock, certificates of stock, bonds, notes, or other evidences of indebtedness, reasonably necessary for the purposes for which the same are to be issued.

"(3) If the commission shall determine that such proposed issue complies with the provisions of sections 184.01 to 184.22, inclusive, such authority shall thereupon be granted, and it shall issue to the corporation a certificate of authority, stating: (a) The amount of such stocks, certificates of stock, bonds, notes, or other evidences of indebtedness reasonably necessary for the purposes for which they are to be issued, and the character of the same; (b) the purposes for which they are to be issued, and (c) the terms

upon which they are to be issued. Such corporation shall not apply the proceeds of such stock, bonds, notes, or other evidences of indebtedness as aforesaid, to any purposes not specified in such certificate, nor issue such stock, bonds, notes, or other evidences of indebtedness, on any terms not specified in such certificate.

"(4) In case the stocks, certificates of stock, bonds, notes, or other evidences of indebtedness, payable in more than one year after the date thereof, or payable in less than one year from the date thereof when issued for purposes properly chargeable to its capital account, are to be issued, partly or wholly for property or services or other consideration than money, the corporation shall file with the commission a statement, signed and verified by its president and secretary, setting forth (a) The amount and character of the stocks, certificates of stock, bonds, notes, or other evidences of indebtedness proposed to be issued; (b) the purposes for which they are to be issued; (c) the description in detail and estimated value of the property or services for which they are to be issued; (d) the terms on which they are to be issued or exchanged; (e) the amount of money, if any, to be received for the same, in addition to such property, services, or other consideration, and (f) the total assets and liabilities, and the previous financial operations and business of the corporation, in such detail as the commission may require.

"(5) The signers of the articles of association of a public-service corporation hereafter organized, may sign and verify such statement, in the first instance. For the purpose of enabling it to determine whether the proposed issue complies with the provisions of sections 184.01 to 184.22, inclusive, the commission shall determine the true valuation, in detail, of the property, services, or other consideration other than money, for which it is proposed to issue, in whole or in part, such stocks, certificates of stock, bonds, notes, or other evidences of indebtedness, and shall make such inquiry or investigation, hold such hearings, and examine such witnesses, books, papers, documents, or contracts as it may deem of importance in enabling it to reach a determination.

"(6) If the commission shall determine that the proposed issue complies with the provisions of sections 184.01 to 184.22, inclusive, such authority shall thereupon be granted and it shall issue to the corporation a certificate of authority stating: (a) The amount of such stocks, certificates of stock,

bonds, notes, or other evidences of indebtedness reasonably necessary for the purposes for which they are to be issued, and the character of the same; (b) the purposes for which they are to be issued; (c) the terms upon which they are to be issued, and (d) the true value of the property, services, or other consideration than money (which shall be described in detail) as found and determined by the commission, for which, in whole or in part, such issue is to be made.

"(7) Such corporation shall not apply the proceeds of the sale of such stock, bonds, notes, or other evidences of indebtedness as aforesaid to any purpose not specified in such certificate, nor issue such stock, bonds, notes, or other evidences of indebtedness on any terms not specified in such certificate, and no property, services, or other consideration than money shall be taken in payment to the corporation for such stock, certificates of stock, bonds, notes, or other evidences of indebtedness, except at the true value of such property, services, or other consideration than money, as found and determined by the commission and stated in said certificate."

After hearings the *Commission* entered an order denying the application. The plaintiff to test the validity of the order began an action in the circuit court and it reversed the order of the *Railroad Commission* and remanded the case to it with directions to grant the certificate of authority as prayed for. From such judgment the *Railroad Commission* appealed.

For the appellant there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold.*

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *L. W. Raeder.*

VINJE, C. J. The order of the *Railroad Commission* was a simple denial of the application. It reads:

"It is therefore ordered that the application of the *Central Steam Heat & Power Company* for authority to issue se-

curities as amended by letter dated August 17, 1926, herein-before referred to, be and the same hereby is denied."

The letter of August 17, 1926, is as follows:

"It is contemplated that the present directors of the company will subscribe for $26,000 of the common stock, so that the control of the company will remain in the present directors of the company."

The findings of the *Commission*, though not germane to any question involved in the appeal, but as explanatory of its action, are thus fairly summarized by its counsel:

"The *Commission* found that the amount of the securities would exceed the value of the property; that the projects could not be financially successful; that the securities would not be a safe investment; that the proposed expenditures were excessive; and that the amount of securities to be issued exceeded the amount reasonably necessary therefor."

The findings required by the statute (sub. (2), sec. 184.09) to be made are as follows: "It shall find and determine the amount of such stock, certificates of stock, bonds, notes, or other evidences of indebtedness, reasonably necessary for the purposes for which the same are to be issued." And having found these facts, if the proposed issue otherwise complies with the statutes, and there is no showing that it does not, except as to the amount asked, the *Commission* shall issue "a certificate of authority stating: (a) The amount of such stocks, certificates of stock, bonds, notes, or other evidences of indebtedness reasonably necessary for the purposes for which they are to be issued, and the character of the same; (b) the purposes for which they are to be issued, and (c) the terms upon which they are to be issued." Sub. (3), sec. 184.09.

It is difficult to conceive of language more simple and more specific both as to what shall be found and as to what the certificate shall contain after the prescribed findings are made. The claim is that plaintiff asked for too large an issue of indebtedness. Granted. What is the statutory duty of

the *Commission* when too large an issue is requested? Plainly to determine the reasonable amount, not to deny the application. The statute places upon the *Commission* the duty to ascertain the amount of indebtedness that may reasonably be issued against the assets of the public utility. The *Commission* did not meet that duty in the present case, and the circuit court, under the provisions of sec. 184.16, should have reversed its order as both unreasonable and unlawful because of its failure to comply with the statutory requirement to determine the reasonable amount necessary.

There is no power in the circuit court to direct the *Commission* to find that a certain amount is reasonably necessary where the *Commission* has not acted upon that subject at all. Findings that too much is asked; that the project could not be financially successful, or that the securities would not be a safe investment, are findings outside the statutory field, and do not answer the plain calls of the statute. The language used in *Wisconsin Southern R. Co. v. Railroad Comm.* 185 Wis. 313, 317, 201 N. W. 244, in no way militates against our declaration of the *Commission's* statutory duty, and even if it did it could not change the plain terms of the statute or the *Commission's* duty under it. It was there said:

"Until the company secures this certificate the bonds should not be issued because the company cannot use the proceeds to build the road, and to permit the company to sell its bonds before it has any power to build the railroad which is to be security for the bonds issued would be contrary to the very clearly expressed legislative intent to give to the *Railroad Commission* power to protect the people of the state from investing their money in bonds which are not adequately secured."

The statute does provide for security because there must be a finding by the *Commission* that the amount of securities to be issued is reasonably necessary for the purposes for which they are to be issued. In the absence of such a finding the statutory security would be wanting. Whether such

security is in all cases *adequate* may be doubted, but we need go no further than did the legislature. It stopped when it had provided for a finding that a certain amount of indebtedness may reasonably be issued against the assets of the utility.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to remand the case to the *Commission* to find and determine the amount of common stock, of preferred stock, and of bonds, reasonably necessary for the purposes for which they are to be issued, and having made such finding to issue a certificate of authority accordingly, and in conformity with the statute.