STATE EX REL. CENTRAL STEAM HEAT & POWER COMPANY, Respondent, vs. GETTLE and others, as the RAILROAD COMMISSION, Appellants.

*February 11—May 8, 1928.*

2

For the appellants there were briefs by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, attorneys, and *Arthur Snapper* of Madison, of counsel, and oral argument by *Mr. Arnold.*

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Mr. L. W. Raeder.*

OWEN, J. The plaintiff is a public utility. It made application to the Railroad Commission of Wisconsin for authority to issue $50,000 common stock, $70,000 preferred stock, and its bonds to the amount of $180,000. This authority was denied by the Commission because, in the opinion of the Commission, the amount asked for was unreasonable. This order of the Commission was under review by this court in *Central S. H. & P. Co. v. Railroad Comm.* 192 Wis. 595, 213 N. W. 298, where the Commission was directed to determine the amount of common stock, of preferred stock, and of bonds reasonably necessary for the purposes for which they were to be issued, and, having made such finding, to issue a certificate of author-

ity according to the provisions of sec. 184.09 (2), Stats. 1925. Upon the remanding of the case to the Railroad Commission that body promptly, on the 20th day of April, 1927, made such a determination, and notified the relator that the certificate would issue upon the payment of the statutory fees, amounting to $112.50. The relator neglected and failed to pay such fees until the 6th day of December, 1927. On the 29th day of July, 1927, ch. 444 of the Laws of 1927 was published, amending sec. 184.09 (3) so that the Railroad Commission was required to find that "the financial condition, plan of operation and proposed undertakings of the corporation are such as to afford reasonable protection to the purchasers of the securities to be issued" as a condition precedent to the issuance of the certificate. Upon tender of the statutory fees in December, the relator was informed that there would have to be another hearing to enable the Railroad Commission to make the finding required by ch. 444. The relator, insisting that it was entitled to the certificate of authority upon the proceedings as they then stood, brought this action to compel the Railroad Commission to issue the certificate of authority. Whether the position thus taken by the Railroad Commission is correct is the principal question presented.

The legislature of the state has plenary power over corporations. They may be organized only under legislative permission and in the manner prescribed by the legislature. The legislature may regulate their issuance of stocks and bonds. Authority to issue the stocks and bonds requested by the relator was a mere privilege. It was not in the nature of a natural or inherent right. It was a right which the legislature could take away, at least at any time before the relator came into possession of vested rights. It could also prescribe additional conditions precedent to the conferring of the right. This is what it did by the enactment of ch. 444. Thereafter the Railroad Commission was not

authorized to issue such certificate of authority in the absence of a finding by it that "the financial condition, plan of operation and proposed undertakings of the corporation are such as to afford reasonable protection to the purchasers of the securities to be issued." The Railroad Commission is a statutory creation. Its powers are defined by statute. Its orders are valid only when it is acting within its statutory powers.

It is said it was the duty of the Railroad Commission to comply with the mandate of this court in the previous case. In that case the court construed the law as it then existed, and its direction to the Railroad Commission was in accordance with its duty as this court then construed the law to be. In its decision in that case this court did not attempt any usurpation of power or assume to place any curb upon legislative prerogatives. The legislature has plenary power over the subject here under consideration, and it is beyond the power of this court to restrain or embarrass that branch of the government in the exercise of that power. It was within the power of the legislature to repeal or amend that law at its pleasure, and it could take away or modify any inchoate right which the relator enjoyed under the former law. Furthermore, the Railroad Commission is a creature of the legislature. It takes its powers from the legislature and not from the court. Its powers are subject to change or repeal by the legislature. If the legislature had abolished the Railroad Commission by ch. 444 of the Laws of 1927 it is not likely that any one would contend that the Railroad Commission continued in existence for the purpose of exercising the power here sought to be enforced. While the Railroad Commission was not abolished, a power which it formerly possessed was modified. Thereafter the Railroad Commission could issue its certificate of authority only when the conditions precedent prescribed by the legislature existed. Although the relator was entitled to this certificate at any

time prior to the passage of ch. 444 by making payment of the statutory fees required, it could not coerce the issuance of such certificate without the payment of the fees. The right to the certificate had not become vested. It was merely inchoate. When it attempted to perfect its right by the pay-. ment of the fees, the law had taken away the authority of the Railroad Commission to issue the certificate of authority upon the record as it then stood. It would seem that the citation of authority is unnecessary to sustain this conclusion, but the Reports of this court contain ample precedent to that end.

This case is very much like *State ex rel. Voight v. Hoeflinger,* 31 Wis. 257. In 1870 the legislature provided that all the drainage fund belonging to the towns of Berlin and Jenny, in Marathon county, should be set apart and used for the construction of a bridge across the Wisconsin river at the village of Jenny. The act appointed commissioners to superintend the building of such bridge, and provided that the funds so appropriated for that purpose should be drawn from the county treasury on the order of such commissioners. The treasurer of the town demanded certain of these funds from the county treasurer, claiming that they belonged to the town under the general law relating to the distribution of the drainage fund. The county treasurer refused the demand of the town treasurer, on the ground that the fund had been otherwise appropriated by the act of 1870. The lower court gave judgment for the relator. After the judgment was rendered in the lower court, and before the decision of the case by this court, the special act was repealed. This court said:

"As the law now stands, there can be no question but that the relator is at this time entitled to demand and receive the money from the defendant, and that the judgment of the court below awarding the peremptory *mandamus* is now right, however erroneous it may have been at the time

it was rendered by that court. No principle of law is better settled than that 'whatever is given by statute may be taken away by statute,' except vested rights acquired under it, and except also that the statute must not be in the nature of a contract on the part of the legislature. Some of the authorities go even farther, and hold that a law merely divesting antecedent vested rights of property, where there is no contract, is not inconsistent with the constitution. The cases illustrating this principle, and in which it has been enforced, are very numerous in the books, and we only refer to the following, some of which are strongly marked and presented questions quite analogous to that here involved." (Citing authorities.)

Another case, very analogous, is *Richland County v. Richland Center*, 59 Wis. 591, 18 N. W. 497. It is well settled that the repeal of a statute creating a cause of action divests all inchoate rights which have arisen under it and carries with it actions pending at the time of such repeal. *Dillon v. Linder*, 36 Wis. 344; *Farrell v. Drees*, 41 Wis. 186.

The principle of those cases governs the proceeding here under consideration. At the time the relator tendered the fee which entitled it to the certificate under the prior law, the Railroad Commission no longer had the authority to issue the certificate in the then state of the record.

It is further argued by counsel for relator that the requirement that the Railroad Commission shall find that "the financial condition, plan of operation and proposed undertakings of the corporation are such as to afford reasonable protection to the purchasers of the securities to be issued," is unconstitutional, for the following reasons: (1) that the legislature has no power to regulate the issuance of securities in order to protect the investing public; (2) that the legislature does not provide a standard to control the Commission; (3) that the statute is so indefinite and uncertain in its meaning as to be incapable of administration; and (4) that the statute delegates to the Railroad Commission legislative power. This is but a usual provi-

sion found in the many so-called blue sky laws, the constitutionality of which has been upheld by the courts generally. The constitutionality of similar provisions has been so thoroughly considered by this court that further discussion thereof is unnecessary. The following cases abundantly establish the constitutionality of this provision: *State ex rel. Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 137 Wis. 80, 117 N. W. 846; *Appleton W. W. Co. v. Railroad Comm.* 154 Wis. 121, 142 N. W. 476; *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 169 Wis. 183, 172 N. W. 230; *Milwaukee v. Railroad Comm.* 182 Wis. 498, 196 N. W. 853; *Wis. Southern R. Co. v. Railroad Comm.* 185 Wis. 313, 201 N. W. 244; *Kreutzer v. Westfahl,* 187 Wis. 463, 204 N. W. 595.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the petition.

ESCHWEILER, J., dissents.