13]     JANUARY TERM, 1916.     577

State ex rel. Ervin v. County Board, 163 Wis. 577.

STATE EX REL. ERVIN, Respondent, vs. COUNTY BOARD OF SUPERVISORS OF VILAS COUNTY and another, Appellants.

*May 25—June 13, 1916.*

*Statutes: Construction: Legalizing acts of county board: Division of town: Apportionment of indebtedness: Constitutional law: Special legislation: Local law: Title: Sufficiency.*

1. Ch. 17, Laws 1915, legalizing "all acts and proceedings" of the county board of Vilas county "relating to the detaching of certain territory" from one town and attaching parts thereof to other towns, "and in creating" two new towns from other parts thereof, validated all the proceedings of the board relating to such readjustment and rearrangement of the town government in the county, including the apportionment of the net indebtedness of the town from which the territory was detached.

2. Although, under sec. 672, Stats., the county board had no authority to apportion such indebtedness, the legislature, since it might have given such authority, could validate the unauthorized apportionment.

3. Such validating act is not a special law for "incorporating any . . . town," within the meaning of sub. 9, sec. 31, art. IV, Const.; nor is it a special law "for assessment or collection of taxes," within the meaning of sub. 6 of that section.

4. Under sec. 18, art. IV, Const., where a local law has one fundamental object and the various provisions of the law are mere details which relate or are germane to that object, it is sufficient to state that general object in the title.

5. Ch. 17, Laws 1915, embraced but one general subject, and its title—"An act to legalize the acts of the county board . . . in detaching certain territory from the town of . . . and attaching the same to the towns of . . . and in creating the towns of . . . in said county"—was sufficient without any specific reference therein to the apportionment of the indebtedness of the town from which the territory was detached.

APPEAL from a judgment of the circuit court for Vilas county: CHESTER A. FOWLER, Judge. *Reversed.*

*Certiorari* to set aside an ordinance passed by the *County Board of Supervisors of Vilas County* May 13, 1914, creating

the town of Lincoln in Vilas county and determining the proportion of the indebtedness of the town of Eagle River chargeable thereto. The petition challenges the validity of the ordinance because (1) the board did not consider the credits to which the new town was entitled by reason of buildings and other property retained by the town of Eagle River; (2) the county board had no power to determine the amount of indebtedness chargeable to the new town; (3) the board failed to fix a time for the town boards to meet to determine the question of the apportionment of indebtedness and credits between the new town and the town of Eagle River out of which it was carved.

It appears by the return that on May 13, 1914, seven ordinances were passed by the defendant board, numbered from 1 to 7 inclusive; that each of the ordinances numbered from 1 to 5 purported (1) to detach territory from the town of Eagle River and attach it to another existing town, and (2) to determine the total indebtedness of Eagle River in excess of its credits and what proportion thereof should be paid by the town to which the territory was added; that ordinances numbered 6 and 7 each purported to (1) detach territory from Eagle River and establish a new town (one called Lincoln and the other Washington), (2) fix a time and place for the first town meeting, and (3) determine the amount of the indebtedness of Eagle River in excess of its credits and the portion thereof to be paid by the new town. It further appeared that the ordinances were duly recorded and published and copies filed in the various offices required by the statute and that a validating act was passed by the Wisconsin legislature known as ch. 17, Laws 1915. This act is entitled "An act to legalize the acts of the county board of Vilas county in detaching certain territory from the town of Eagle River and attaching the same to the towns of Conover, State Line, Presque Isle, Plum Lake and Farmington and in creating the towns of Lincoln and Washington in said county

and in detaching certain territory from the town of Farmington and attaching the same to the town of Conover in said county."

The first section of said act reads as follows:

"Section 1.    All acts and proceedings of the county board of supervisors of Vilas county had on the thirteenth day of May, A. D. 1914, *relating to the detaching* of certain territory from the town of Eagle River in said county and attaching parts thereof to the towns of Conover, State Line, Presque Isle, Plum Lake and Farmington and in creating the towns of Washington and Lincoln in said Vilas county; and all acts and proceedings of the county board of supervisors of Vilas county had on the third day of December, A. D. 1914, relating to the detaching of certain territory from the town of Farmington and attaching the same to the town of Conover in said county are hereby legalized."

The relator is a resident and taxpayer in the territory constituting the town of Lincoln and sued out this writ May 7, 1915.

The circuit court adjudged that those parts of the ordinance creating the town of Lincoln (being ordinance number 7) which purport to determine the amount of the indebtedness of the town of Eagle River in excess of its credits and to determine the amount of such excess chargeable to the town of Lincoln were illegal and void, and from this judgment the defendants appeal.

For the appellants there was a brief by *C. H. Weigand* and *Curtis, Van Doren & Cole,* and oral argument by *George Curtis, Jr.,* and *Llewellyn Cole.* .

For the respondent there was a brief by *Niles A. Colman* and *Eberlein & Larson,* and oral argument by *Albert S. Larson.*

WINSLOW, C. J.    By sub. (1), sec. 670, Stats. 1913, the county board of any county is authorized to set off, organize, vacate, and change the boundaries of the towns in the county.

It has been held by this court that this subdivision does not authorize the division of a town and the creation of a new town, but merely the change of boundaries of existing towns. *State ex rel. Rosander v. Lippels,* 133 Wis. 211, 113 N. W. 437.

By sec. 671 the county board is given power to divide a town provided that such division shall have been approved by vote of the electors at the next preceding annual town meeting pursuant to notice founded upon a petition of electors previously filed.

By sec. 672 it is provided that when a new town is formed from parts of an existing town or towns, or when territory is detached from one town and attached to another, the boards of the towns interested in the settlement shall meet in joint session and determine what portion of the indebtedness of the town from which the territory is taken shall be chargeable to and be paid by the new town or the town to which the territory is attached and what part of the credits shall be received by such last named town.

It is apparent from examination of these sections that ordinances numbered from 1 to 5 were valid so far as the detaching of territory from one town and attaching it to another was concerned, and that ordinances 6 and 7 were invalid so far as the creation of the two new towns was concerned, and that those parts of all the ordinances purporting to apportion the excess of indebtedness over credits were invalid.

This was the situation when the validating act set forth in the statement of facts was passed, and the serious question is whether this act validated those parts of the ordinances relating to the apportionment of the excess of indebtedness as well as those parts relating to the detachment and division of territory.

We are clearly of opinion that this question should be answered in the affirmative.

As already stated there was no necessity for validating

those portions of the first five ordinances which detached territory from one existing town and attached it to another, so, if the legislative intent was not to affect in any way the apportionments of the excess of indebtedness over credits, the legislature must be convicted of passing an entirely useless act so far as the first five ordinances were concerned. They needed no validation and every one must have known it.

Over and above this consideration, however, we can entertain no doubt from the comprehensive wording of the act and its title that the legislative intent was to cover the whole subject and validate all the proceedings of the board relating to this readjustment and rearrangement of the town government of Vilas county.

It is very evident that the whole scheme was viewed as one on the part of the county board and, quite as evident, we think, that it was viewed in the same way by the legislature.

"All acts and proceedings" . . . "relating to" the detaching of territory, "and in creating the towns of Washington and Lincoln," are legalized. In our judgment the words "relating to" qualify the creation of the new towns as well as the detaching of territory from old towns. The grammatical construction is not accurate or happy on account of the insertion of the word "in" before "creating," but no such circumstance as this should interfere with evident intent. "All the acts and proceedings relating to" the creation of the towns of Washington and Lincoln must certainly include the proceedings fixing and apportioning the excess of indebtedness between those towns and the existing towns from which they were taken.

It is familiar law that the legislature may validate an act which it might have authorized in the first instance. *Kimball v. Rosendale*, 42 Wis. 407. It is undoubted that the legislature could have given the county board authority to apportion the indebtedness and credits (such authority in fact existed for years and until the passage of ch. 62 of the Laws

of 1909), hence it could .validate the present unauthorized act of the board.

But it is said that this is a special act incorporating a town and hence void under sub. 9 of sec. 31 of art. IV· of the state constitution, which prohibits special legislation incorporating "any city, town or village." It is sufficient to say in answer to this objection that it has been held by this court that the carving of a county into new towns by act of the legislature was not "incorporating" such towns within the meaning of the constitution. *Cathcart v. Comstock,* 56 Wis. 590, 605, 14 N. W. 833. This rule has not since been departed from. *State ex rel. Graef v. Forest Co.* 74 Wis. 610, 43 N. W. 551. If the legislature could create a new town by direct act, it could do so by a validating act.

Again, it is said that the law is a special law for the assessment or collection· of taxes and hence prohibited by sub. 6 of sec. 31 of art. IV of the constitution. We have been unable to see how the law can be considered as a law for the collection or assessment of taxes. It simply determines what part of the net indebtedness of the town of Eagle River the new town shall pay.

The law is unquestionably a "local" law within the meaning of the constitution and hence can embrace but one subject which must be expressed in the title. Sec. 18, art. IV, Const. This provision, however, is to receive a liberal construction so that the legislative purpose may be accomplished if possible. Where there is one fundamental general object and the various provisions of the law are mere details which relate or are germane to that object, it is enough to state that general object in the title. The details are necessarily and logically included therein. *In re Southern Wis. P. Co.* 140 Wis. 245, 122 N. W. 801. We regard the clauses which apportion the net indebtedness of the old town as details which, though not necessarily included in the creation of the new town, are germane thereto and so closely and naturally con-

nected therewith that they are sufficiently expressed in the title of the act before us.

*By the Court.*—Judgment reversed with costs, and action remanded with directions to the trial court to render judgment affirming the action of the county board.

ROSENBERRY, J., took no part.