State of Wisconsin ex rel. Carl W. Kuehne,
Gregory A. Depas, Richard A. Huxford,
Will Stark and William H. Wangerin,
Plaintiffs-Respondents,

v.

Sarah Burdette, Town Clerk, Carol Hutjens and
Town of Ledgeview, Defendants-Appellants.†

Court of Appeals

*No. 2008AP1342. Submitted on briefs April 14, 2009.
—Decided July 7, 2009.*

2009 WI App 119

(Also reported in 772 N.W.2d 225.)

† Petition to review denied 12/14/09. Bradley, J. Dissents. Crooks, J., took no part.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Lawrence E. Bechler* of *Murphy Desmond S.C.*, Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Warren M. Wanezek* of *Wanezek & Jaekels, S.C.*, Green Bay.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. WISCONSIN STAT. § 66.0203(11)[1] allows the Town of Ledgeview in Brown County—unlike

---

[1] References to the Wisconsin Statutes are to the 2007–08 version.

any other town in the state—to bypass the ordinary process for incorporating into a village. The circuit court declared the statute unconstitutional and enjoined the Town from incorporating under the statute. We affirm.

## BACKGROUND

¶ 2. WISCONSIN STAT. §§ 66.0203 – 66.0211 set forth the procedures for a town to incorporate into a village. Greatly simplified, the process begins with a petition signed by a certain number of persons within a specified period of time. The petition is then filed in a circuit court and a hearing is held. The circuit court determines if the petition meets specific area requirements. If it meets the requirements, the circuit court refers the petition to the department of administration's incorporation review board. The board must then hold a hearing and determine if the petition meets statutory standards such as reasonably homogenous territory, minimum population density, sufficient tax revenues, adequate governmental services, and no adverse impact on the greater metropolitan area. The board submits its determination to the circuit court. If the determination is favorable, the circuit court then orders a referendum. If the referendum passes, the secretary of state issues a certificate of incorporation.

¶ 3. In 2003, residents of Ledgeview attempted to incorporate into a village. They followed the above procedure. The petition got as far as the department of administration's incorporation review board. The board determined the petition did not meet all the statutory standards so the petition was dismissed and Ledgeview continued to operate as a town.

¶ 4. In 2007, the legislature passed the biennial budget. A provision in the budget bill, as signed by the governor, exempted Ledgeview from the normal statu-

tory incorporation process. The budget created subsection (11) of Wis. Stat. § 66.0203:

> (11) Town of Ledgeview in Brown County may become a village. (a) The town of Ledgeview, in Brown County, may become a village if the town holds, and approves, an incorporation referendum as described in s. 66.0211(3). None of the other procedures contained in ss. 66.0201 to 66.0213 need to be fulfilled, and no approval by the department's incorporation review board under s. 66.0207 is necessary for the town to become a village.
>
> (b) The town of Ledgeview, in Brown County, shall enter into a boundary agreement with the city of De Pere under s. 66.0307, except that the agreement need not be completed before the town holds a referendum on incorporation . . . .

Acting under this authorization, the Town announced in December 2007 it would hold a referendum on incorporation on February 19, 2008.

¶ 5. One week before the referendum, five Ledgeview residents, Carl Kuehne, Gregory Depas, Richard Huxford, Will Stark, and William Wangerin (the residents), brought this action requesting an injunction against the Town from holding the referendum. The residents argued the statute was unconstitutional under art. IV, § 31(9) of the Wisconsin Constitution, which prevents the legislature "from enacting any special or private laws . . . [f]or incorporating any city, town or village." The circuit court held a preliminary hearing, but declined to issue any orders before the election. As scheduled, the Town held the referendum and the referendum passed. The next day the court issued a temporary injunction against the Town from proceeding toward village status until the court determined the constitutionality of Wis. Stat. § 66.0203(11).

¶ 6. Two months later, the court held a hearing on whether a permanent injunction was warranted. Following the hearing, the court declared WIS. STAT. § 66.0203(11) violated art. IV, §§ 18, 31(9), and 32 of the Wisconsin Constitution. It then issued a permanent injunction against the Town incorporating under the statute. The Town appeals.

## DISCUSSION

¶ 7. The Town raises three issues. The first is a multi-pronged defense of the constitutionality of WIS. STAT. § 66.0203(11). The second concerns whether the residents' action is barred for failure to give the Town notice of their claim under WIS. STAT. § 893.80(1). The third is whether there was an adequate factual basis for granting the permanent injunction.

¶ 8. The first two issues present questions of law we review independently of the circuit court. *State v. Cole*, 2003 WI 112, ¶ 10, 264 Wis. 2d 520, 665 N.W.2d 328 (ascertaining the constitutionality of statutes presents a question of law); *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673 (1985) (construction of a statute in relation to a given set of facts is a question of law). We review the third issue for the erroneous exercise of discretion. *Bubolz v. Dane County*, 159 Wis. 2d 284, 296, 464 N.W.2d 67 (Ct. App. 1990) (citation omitted) (whether to grant or deny injunctive relief is within the sound discretion of the trial court).

### 1. Constitutionality of WIS. STAT. § 66.0203(11)

¶ 9. Our review of a statute's constitutionality begins with the presumption the statute is constitutional, and we resolve any doubt in favor of constitu-

tionality. *Cole*, 64 Wis. 2d 520, ¶ 11 (citations omitted). Accordingly, a party challenging the constitutionality of a statute must "prove that the statute is unconstitutional beyond a reasonable doubt." *Id.* Our review is also guided by the principle that constitutional provisions should be interpreted "so as to promote the objects for which they were framed and adopted." *Dairyland Greyhound Park, Inc. v. Doyle*, 2006 WI 107, ¶ 19, 295 Wis. 2d 1, 719 N.W.2d 408 (citation omitted). To discern the meaning of these provisions, "[c]ourts should give priority to the plain meaning of the words of [the] provision in the context used." *Id.*, ¶ 117.

¶ 10. The Town's primary argument concerning the constitutionality of Wɪꜱ. Sᴛᴀᴛ. § 66.0203(11) centers on art. IV, § 31(9) of the Wisconsin Constitution, which states:

> The legislature is prohibited from enacting any special or private laws in the following cases:
>
> . . . .
>
> (9) For incorporating any city, town or village, or to amend the charter thereof.

Our inquiry into whether a statute is constitutional under this section has two components: (a) whether the law is a "special or private law," and (b) whether the statute is "[f]or incorporating any city, town or village."

**a. Whether the statute is a special or private law**

¶ 11. The Wisconsin Constitution defines special or private law by reference to its antithesis: a general law. This is expressed in art. IV, § 32, which permits the

790

legislature to enact laws on the subjects prohibited by § 31 as long as the laws are general and operate uniformly throughout the state.

¶ 12. We discern no serious argument that WIS. STAT. § 66.0203(11) is anything other than a special or private law. Wisconsin's general law for uniform incorporation procedures is set forth in WIS. STAT. § 66.0201(1):

> It is the policy of this state that the development of territory from town to incorporated status proceed in an orderly and uniform manner and that toward this end each proposed incorporation of territory as a village or city be reviewed as provided in ss. 66.0201 to 66.0213 to assure compliance with certain minimum standards which take into account the needs of both urban and rural areas.

Yet, § 66.0203(11) establishes a special incorporation procedure that applies only to the Town of Ledgeview. The statute exempts the Town from the requirements imposed on every other town in the state. Under the statute, in Ledgeview alone, a petition was not required to initiate incorporation, the circuit court did not have to determine if area requirements were met, and the department of administration's incorporation review board did not have to determine if statutory standards were met. Only one requirement remained: a referendum. There could not be a clearer example of a special or private law.[2]

---

[2] The Town does not argue WIS. STAT. § 66.0203(11) is a general law, but instead contends analysis of whether this statute is general or special is not even triggered because the law "is inchoate and of no effect unless a referendum is scheduled and the referendum is passed." This argument makes

## b. Whether the law is for incorporating a city, town or village

¶ 13. The Town argues that "for incorporating" refers only to legislation that directly incorporates a municipality. Thus, it contends Wis. Stat. § 66.0203(11) is constitutional because it only changed the process by which the town could incorporate; it did not directly incorporate Ledgeview.

¶ 14. We conclude the Town's interpretation is contrary to the plain meaning of the constitutional language. The Town's interpretation requires removing the word "for" from Wis. Const. art. IV, § 31(9). For the section to mean what the Town asserts, the section would have to read: The legislature is prohibited from enacting any special or private laws . . . *incorporating* any city, town or village. In fact, it states: "The legislature is prohibited from enacting any special or private laws . . . [f]or incorporating any city, town or village . . . ." The plain meaning of the provision is broader than the Town acknowledges. It pertains not just to legislation directly incorporating a municipality, but also to legislation providing a process for incorporating.

¶ 15. The Town contends its interpretation of Wis. Const. art. IV, § 31(9) is supported by an early case, *Cathcart v. Comstock*, 56 Wis. 590, 14 N.W. 833 (1883). After first creating Lincoln County from territory detached from Marathon County, the legislature passed a law dividing Lincoln County into three geographical areas and denominating each of the three a separate town. The supreme court concluded the legislation did not violate the constitutional prohibition against incorporating any city, town or village.

---

little sense to us. The statute clearly has effect: it changes the law with respect to how Ledgeview may incorporate.

¶ 16. *Cathcart* noted the law did not "in express terms undertake to confer corporate powers" on the towns. *Cathcart,* 56 Wis. at 605. From this, Ledgeview concludes the statute here would only violate the constitution if it directly conferred corporate powers on Ledgeview. Since it did not, Ledgeview claims the statute is constitutional.

¶ 17. Ledgeview misreads *Cathcart.* The key to the court's reasoning is the nature of a town. The court went to great lengths to explain that a town is different from a village or a city. A town is more like a county, a civil division of the state. Unlike villages and cities, towns "do not *usually* possess corporate powers under special charters." *Cathcart,* 56 Wis. at 607. Therefore, legislation organizing territory into a town usually has nothing to do with incorporation. In fact, the legislation in *Cathcart* did not even use the word "incorporate." Thus, the reason the law did not "in express terms undertake to confer corporate powers" on the towns was because the law had nothing to do with incorporation.

¶ 18. Here, the situation is different. A village can only exist by means of incorporation. WISCONSIN STAT. § 66.0203(11), as created by the budget bill, specifically provides for Ledgeville to incorporate into a village. Therefore, it violates the constitutional prohibition.[3]

¶ 19. Because we presume legislative enactments are constitutional, we do not reach our conclusion lightly.

_____

[3] The Town's reliance on *State ex rel. Ervin v. Board of Supervisors,* 163 Wis. 577, 158 N.W. 338 (1916), is also misplaced. There, the court relied on the rationale articulated in *Cathcart v. Comstock,* 56 Wis. 590, 14 N.W. 833 (1883), to hold an ordinance carving Vilas County into new towns was not incorporating them within the meaning of the constitution. *Ervin,* 163 Wis. at 582.

However, we are convinced beyond a reasonable doubt this statute stands in contravention to the plain meaning of the constitutional prohibition against enacting special or private laws for incorporating a village. Because this conclusion is dispositive to the question of the statute's constitutionality, we do not address the alternative bases on which the circuit court found the statute unconstitutional.[4]

## 2. Notice of Claim

¶ 20. The Town also argues the residents failed to comply with the notice of claim statute by failing to give notice 120 days before filing suit. WISCONSIN STAT. § 893.80(1) requires plaintiffs bringing an action against a governmental body or an official of the governmental body to provide written notice of the claim "within 120 days after the happening of the event giving rise to the claim."

¶ 21. We have serious doubts whether this statute even applies under these circumstances. The Town adopted a motion to hold the referendum in December 2007, but it scheduled the referendum for February

---

[4] The circuit court also found WIS. STAT. § 66.0203(11) violates WIS. CONST. art. IV, § 18, which states: "No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." Although we do not decide this issue, we do note that the Town's argument on this provision has at least one very obvious weakness. Contrary to the Town's assertion, the statute does not have a direct and immediate effect on a specific statewide concern or interest, as required by *Milwaukee Brewers Baseball Club v. Wisconsin DH&SS*, 130 Wis. 2d 79, 387 N.W.2d 254 (1986). Establishing different rules for the incorporation of one town out of over 1200 in the state can hardly be a matter of statewide concern or interest.

2008—just two months later. It appears axiomatic to us that the Town cannot use lack of notice as a defense when the Town by its own actions made compliance with the statute impossible.

¶ 22. However, we conclude that even if the notice statute applied, it would not bar the residents' suit. The statute clarifies that "[f]ailure to give the requisite notice" does "not bar action on the claim if the . . . [governmental body] had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the [governmental body]." WIS. STAT. § 893.80(1)(a). Here, the Town had actual notice of the claim. The residents' counsel notified the Town's counsel on February 13, 2008, that the residents would likely be filing a challenge to the referendum. Further, we see no prejudice to the Town—nor has it suggested any—due to the residents' failure to provide the statutory notice.

### 3. Evidence

¶ 23. Finally, the Town argues there was no factual basis for granting an injunction because although the residents presented evidence at the preliminary hearing, they did not present evidence at the permanent injunction hearing. The Town contends, without citation to authority, that evidence from the temporary injunction hearing could not be used to grant the permanent injunction because the standards for the two types of injunctions are different.

¶ 24. We agree the standards for temporary and permanent injunctions are different, but that does not

795

mean a court may not rely on evidence presented at an earlier hearing when determining whether to grant a permanent injunction. The evidence presented at the earlier hearing may not meet both standards in a particular case—in which case a permanent injunction could not be issued unless additional evidence is offered. But the same evidence may meet both standards, in which case we know of no reason why a court may not reach back into its own record. Our conclusion is bolstered by two facts. First, the Town does not claim it was foreclosed from presenting evidence at the permanent injunction hearing. In fact, it did present evidence of its own. Second, the Town does not argue the evidence from the preliminary injunction hearing was insufficient to support a permanent injunction. Therefore, we conclude the permanent injunction is supported by an adequate factual basis.

*By the Court.*—Judgment affirmed.